STATE OF NORTH CAROLINA v. CURTIS McCLOUD

No. 728SC148

(Filed 28 June 1972)

**Criminal Law § 23— guilty plea — voluntariness**
> Defendant's plea of guilty was entered freely, voluntarily and understandingly.

ON *certiorari* to review order of *Cohoon, Judge,* January 1971 Session, Superior Court, WAYNE County.

Defendant, by indictment proper in form, was charged with felonious breaking or entering, felonious larceny, and receiving. Upon his arraignment, defendant entered a plea of guilty to the two felonies—breaking or entering and larceny. The court heard the evidence, consolidated the two cases for judgment, and entered judgment of imprisonment for not less than eight nor more than ten years. Defendant gave notice of appeal. Appeal was not perfected within the time allowed because defendant indicated his desire to withdraw his appeal. He was returned to court at his request for the purpose of withdrawing his appeal. However, when he appeared before the court he advised the court that he had again changed his mind and desired the appeal perfected. Whereupon the court directed his appointed counsel to petition this Court for a writ of certiorari. We allowed the petition.

*Attorney General Morgan, by Assistant Attorney General Walker, for the State.*

*Braswell, Strickland, Merritt and Rouse, by Roland C. Braswell, for defendant appellant.*

MORRIS, Judge.

Defendant entered a plea of guilty to felonious breaking or entering and felonious larceny. The court interrogated him upon his plea and defendant signed the transcript of plea. Upon the transcript, the court entered an adjudication that the plea was freely, understandingly and voluntarily made, without undue influence, compulsion or duress, and without promise of leniency. The court heard the evidence and entered upon the minutes a finding that "there is a factual basis for said plea," which finding is included in the record. The indict-

ment is proper and the sentence is within the limits provided by statute for the offenses committed.

No error.

Judges VAUGHN and GRAHAM concur.